## CIRCUIT COURT OF FREDERICK COUNTY

Chittum

v.

Chittum

April 4, 1985

Case No. (Chancery) C-84-208

By JUDGE ROBERT K. WOLTZ

Decision in this divorce case is whether the answer of the complainant, which was filed late in response to the cross-bill of the defendant, should be stricken or leave granted for late filing.

The procedural facts are as follows.

(1) September 5, 1984, the complainant filed her bill of complaint for *a mensa* divorce based on the ground of desertion. It was duly served on the defendant September 6.

(2) September 27, being the twenty-first day after service of the bill of complaint and the last day for doing so, the defendant, pursuant to Rule 2:7, by way of response filed his answer to the bill of complaint denying its allegations. At the same time under Rule 2:13 the defendant filed his cross-bill charging adultery against the complainant and seeking divorce on that ground. On the same day, pursuant to Rule 1:12, defendant served copies of both his pleadings on counsel of record by mailing.

(3) On November 15th, without leave of Court, complainant filed late answer to the cross-bill denying the allegation of adultery. (At the latest the answer should have been filed October 18 under Rule 2:13, "within twenty-one days after it [cross-bill] is filed," and hence was twenty-eight days late; or should have been filed at the latest October 21 under Rule 1:7(b), which

adds three days to a prescribed period where service is made by mail, or twenty-five days late.)

(4) February 13, 1985, nearly four months after the answer should have been filed and nearly three months after the date it was filed, the defendant filed his motion to strike the answer to the cross-bill on the ground of late filing.

(5) February 19, in response to the motion to strike, the complainant filed her "resistance" thereto and motion for extension of time for filing, which the Court will treat as a motion to permit the late filing.

(6) March 13, pursuant to complainant's praecipe, the opposing motions were argued and the complainant and her counsel were ordered to file on or before March 25th their separate affidavits setting forth factual grounds in support of admitting the late answer.

(7) March 19 the affidavits in support of late filing were filed. They are virtually duplicates, stating that counsel supplied to the complainant copy of answer and cross-bill on October 1, 1984, that the complainant was very upset by the allegations of adultery, feeling they were untrue and unfair, that counsel contacted complainant by telephone and in writing to come in and discuss the cross-bill but it was some time before complainant "was able to face up to the situation" and that complainant executed a verified answer to the cross-bill on November 14, which was promptly filed by counsel with the Clerk.

Decision in this case is in the discretion of the Court as provided in paragraph 2 of Rule 1:9, "The time allowed for filing pleadings may be extended by the Court in its discretion and such extension may be granted although the time fixed already has expired." In view of decision made it will be unnecessary to resolve the apparent discrepancy between the second paragraph of Rule 2:13 and the first paragraph of Rule 1:12 considered along with Rule 1:7(b).

Though the lateness in filing the disputed answer is somewhat egregious the Court elects to exercise its discretion in permitting it to be filed (in the technical sense as opposed to its merely being "lodged" with the Clerk without prior approval of the Court) for the following reasons.

(1) In the interest of justice there is a natural hesitancy to exclude a pleading filed late and thereby

foreclose the presentation of defenses or other important legal matter.

(2) This inclination is perhaps stronger in domestic relations matters where the very personal and intimate affairs of spouses or parents and children are involved. Even though without the answer to the cross-bill it could not be taken for confessed and the cross-complainant would still be put to introduction of corroborative evidence and the cause would have to be "heard independently of the admissions of either party in the pleadings or otherwise." Code Section 20-99; *see also* Rule 2:9(b). These legislative provisions would appear to lend emphasis to the idea of hearing divorce cases on the basis of full pleadings and liberality in allowing them to be filed.

(3) The charge of adultery is perhaps viewed as the most serious ground for divorce and opportunity to respond to the charge by pleading to it should be favored.

(4) Though the affidavits filed are non-expansive it is entirely probable that the complainant could have been shocked and highly disturbed emotionally by the allegation of adultery. This could well explain the delay in pleading late despite efforts by counsel to have complainant do whatever was necessary to respond to the charge.

(5) There was a delay of nearly three months in the cross-complainant filing motion to strike the late pleading. The Rules for requiring timely filing of pleadings have two basic objectives. First, it is essential that some standard of certainty and definiteness be established so that all parties to a proceeding may know the time by which pleadings are required to be filed. Second, without that standard and adherence to it the progress and prompt disposition of cases is hindered and the entitlement of a party desiring prompt disposition is to a degree frustrated. In this case the great delay of the cross-complainant in raising objection to the filing of the pleading responsive to his bill of complaint indicates that early disposition of the litigation was of no great moment to him. Thus in balancing the interests here involved it appears that greater harm would be done to the cross-defendant in disallowing the pleading filed late than to the cross-complainant by allowing the late answer to be filed.

In view of the foregoing the cross-complainant may present draft of decree admitting the late answer to the cross-bill to filing. Counsel generally are admonished, first, to file pleadings timely, thereby complying with the Rules of practice and avoiding the dangers and difficulties occasioned by late filing; second, not to presume to file pleadings late without leave of Court first had; and, third, where it appears a pleading may be filed late to move the Court with reasons therefor stated to grant an extension of the time for filing. Rule 1:9.